UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dr. Malka L. Goodman, trustee of the
Aviel Goodman, Revocable Trust,
Assignee of Dr. Aviel Goodman on
behalf of Dr. Aviel Goodman,

Civ. No. 19-1815 (PAM/ECW)

Plaintiff,

v.

**ORDER**

Economy Premier Insurance Company
and MetLife Auto & Home Insurance
Agency, Inc.,

Defendants.

---

This matter is before the Court on Plaintiff Dr. Malka Goodman's Motion to Compel Appraisal. (Docket No. 61.) For the following reasons, the Motion is granted.

This case concerns an insurance-coverage dispute regarding freeze-related damage incurred to Plaintiff's son's home in St. Paul, Minnesota.[1] The homeowner's insurance policy, held by Defendant Economy Premier Insurance Company,[2] requires that if the parties cannot agree on the loss amount, either party may demand an appraisal and name an appraiser. (Docket No. 64-1 at A-38.) The policy dictates that if the appraisers disagree as to the loss amount, the appraisers must select a neutral umpire to assist reaching a determination. (Id.)

---

[1] Plaintiff is the trustee of the trust which is responsible for her son's home.
[2] Economy is a subsidiary of MetLife, Inc.

Because the parties disagree as to the loss amount, Plaintiff's counsel wrote to Defendants' counsel in January 2021, demanding an appraisal and naming an appraiser. (Docket Nos. 64-3, 64-4.) On February 15, 2021, Plaintiff's counsel learned that Defendants previously demanded an appraisal and named an appraiser in March 2020, when Plaintiff was represented by other counsel. (Docket No. 64-2.) Yet, on a March 2021, conference call with the Court, Defendants' counsel stated that Defendants refuse to proceed with an appraisal until after coverage is determined at trial. (Pl.'s Supp. Mem. (Docket No. 63) at 4-5.)

Even so, in late May 2021, the parties' appraisers and their chosen umpire agreed to inspect the home and appraise the damage on July 27, 2021. (Docket Nos. 64-5, 64-6.) On June 16, 2021, Plaintiff's counsel wrote to Defendants' counsel regarding the agreed-upon July 27 inspection, confirming that counsel would attend. (Docket No. 64-7.) Defendants' counsel replied, reiterating that Defendants will not participate in the scheduled appraisal because they do not want to incur the expense of appraisal before coverage is determined at trial. (Id.)

Plaintiff moves to compel Defendants to participate in the inspection and appraisal on July 27, 2021, and to share in the costs of appraisal, as outlined in the policy's terms.

This case is scheduled for trial on August 2, 2021, less than a week after the scheduled appraisal. Although the policy does not explicitly demand that the appraisal should precede trial, it belies logic to delay the appraisal at this late stage of litigation. Defendants provide no support for their argument that trial should precede any appraisal. Indeed, both parties reference Quade, which explains that "appraisal is a process that is

2

generally intended to take place before suit is filed." Quade v. Secura Ins., 814 N.W.2d 703, 708 (Minn. 2012). Moreover, Defendants cite no policy provision or legal authority supporting that a party may defer appraisal until after trial to avoid appraisal expenses. The expense of trial surely outweighs the cost of appraisal. Appraising the property before trial is the most reasonable and efficient way to resolve this case.

Accordingly, **IT IS HEREBY ORDERED that:**

1. Plaintiff's Motion to Compel (Docket No. 61) is **GRANTED**;

2. The appraisal shall take place on July 27, 2021; and

3. Defendants shall share in the cost of the appraisal, as determined by the policy's terms.

Dated:   July 1, 2021

*s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge