UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dr. Malka L. Goodman, trustee of the  Civ. No. 19-1815 (PAM/ECW)
Aviel Goodman, Revocable Trust,
Assignee of Dr. Aviel Goodman on
behalf of Dr. Aviel Goodman,

                    Plaintiff,

v.  **ORDER**

Economy Premier Insurance Company
and MetLife Auto & Home Insurance
Agency, Inc.,

                    Defendants.

This matter is before the Court on the parties' Motions in Limine. (Docket Nos. 80, 84, 94.) This matter is scheduled for trial on August 2, 2021.

**A.     Defendants' Motions in Limine**

    **1.     Dr. Malka Goodman's Testimony**

Defendants move to exclude Plaintiff Dr. Malka Goodman's testimony regarding what she did to care for the house, arguing that such testimony is irrelevant to the legal issue in this case, which is whether Dr. Aviel Goodman exercised reasonable care to heat his home.[1] (Docket No. 80.) Plaintiff opposes the Motion, arguing that her testimony is relevant to whether Aviel exercised reasonable care, as Plaintiff claims that he asked her to attend to the home in his absence. The Court agrees, and this Motion is denied.

---

[1] Because both Plaintiff Dr. Malka Goodman and Dr. Aviel Goodman are both Dr. Goodman, their first names will be used for clarity.

### 2. Dr. Aviel Goodman's Statements

Defendants further seek to exclude Aviel's statements as hearsay, because he will not be called as a witness. (Id.) Plaintiff opposes the Motion, arguing that some of Aviel's statements may be admissible under an exception to the rule against hearsay. Indeed, specific statements offered in evidence at trial may be admissible, depending on the purpose for which they are offered. Therefore, this Motion is denied without prejudice to specific objection at trial.

### 3. Insurance Investigation

Lastly, Defendants move to exclude evidence concerning the adequacy or quality of Defendants' investigation as to whether Aviel exercised reasonable care to heat the house, arguing that such evidence is irrelevant. (Id.) Plaintiff opposes the Motion, contending that the investigation is relevant to the legal issue of whether Aviel exercised reasonable care to heat his home, and that the jury may use such evidence in weighing the credibility of Defendants' expert witness, Douglas Sand. In an insurance-coverage case, the reasoning behind the insurance company's decision to deny coverage is relevant. Moreover, the investigation is relevant because Mr. Sand relied on its findings in creating his expert report. The Motion is denied.

## B. Plaintiff's Motion in Limine to Exclude Testimony

Plaintiff moves to exclude any testimony about why Aviel did not reside at the property at the time of the damage or why he will not be not present in the courtroom, including references to his criminal record or incarceration. (Docket No. 84.) Plaintiff argues that this information is more prejudicial than probative. Defendants oppose the

Motion, asserting that the jury is entitled to know why Aviel was not living at the home. The reason for Aviel's absence has no bearing on whether he took reasonable care to maintain heat in his home. This Motion is granted.

**C.       Plaintiff's Motion in Limine to Enforce Facts Admitted**

Plaintiff seeks to bar Defendants from introducing evidence, taking positions, or making arguments contrary to admissions previously made in their response to requests for admission. (Docket No. 94.) Defendants do not oppose this Motion, and it is granted.

Accordingly, **IT IS HEREBY ORDERED that:**

1. Defendants' Motions in Limine (Docket No. 80) are **DENIED in part** and **DENIED without prejudice in part**;

2. Plaintiff's Motion in Limine to exclude testimony (Docket No. 84) is **GRANTED**; and

3. Plaintiff's Motion in Limine to Enforce Facts Admitted (Docket No. 94) is **GRANTED**.

Dated:  Wednesday, July 28, 2021

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge